Priority ✓
Send ✓
Enter ___
Closed ___
JS-6 ✓
JS-2/JS-3 ___
Scan Only___

FILED
CLERK, U.S. DISTRICT COURT
APR 30 2002
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

ENTERED
CLERK, U.S. DISTRICT COURT
ENTERED
MAY - 1 2002
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

BC 172152

| | |
|---|---|
| FIREMAN'S FUND INSURANCE CO., | No. CV 02-1196 CBM (PLAx) |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND** |
| vs. | [filed on Feb. 28, 2002] |
| GENERAL CIRCUIT BREAKER & ELECTRIC SUPPLY INC., XAVIER CONTRERAS, PANELBOARD SPECIALTIES WHOLESALE ELECTRIC, JAIME A. CONTRERAS, GENERAL ELECTRIC CO., SQUARE D. CO., UNDERWRITERS LABORATORIES, INC., TRAVELERS INSURANCE CO., | |
| Defendants. | |

The matter before the Court, the Honorable Consuelo B. Marshall, United States District Judge presiding, is Plaintiff's Motion to Remand. Upon consideration of the papers submitted, the Court hereby **GRANTS** Plaintiff's Motion.

## JURISDICTION

This Court allegedly has jurisdiction pursuant to 28 U.S.C. § 1332.

## BACKGROUND & PROCEDURAL HISTORY

✓ Docketed
✓ Copies / NTC Sent CC LASC
✓ JS - 5 / JS - 6
___ JS - 2 / JS - 3
___ CLSD

ENTERED
MAY - 1 2002

30

1          Plaintiff originally brought this action for declaratory relief in state court.[1] The Defendants include Panelboard Specialties Wholesale Electric, Inc. and Jaime Contreras (collectively referred to as "Panelboard") and General Circuit Breaker & Electric Supply, Inc. and Xavier Contreras (collectively "GCB"). These four Defendants were named insureds on multiple Firemans' Fund policies and are collectively referred to as the "Insureds." The Defendants also include Square D Company ("Square D"), General Electric Company ("GE"), and Underwriters Laboratories, Inc. ("UL") (collectively referred to as "Claimants").

         In 1988, Claimants filed separate trademark infringement lawsuits against the Insureds in the United States District Court. These lawsuits were consolidated under the caption *In Re Circuit Breaker Litigation* and were assigned to this Court. Fireman's Fund agreed to defend the Insureds subject to full reservation of rights. Motion at Ex. 12. On June 2, 1997, Fireman's Fund initiated suit in state court against the Insureds for declaratory relief regarding (1) whether Fireman's Fund had a duty to defend the Insureds in the *Circuit Breaker Litigation*, and (2) if so, whether Fireman's Fund is obligated to pay certain attorney's fees and costs associated with the antitrust counterclaims. Reply at 2:7. The parties entered into a stipulation to stay the state court action pending judgment by this Court in the *Circuit Breaker Litigation*. Motion at 3:14-17.

         The *Circuit Breaker Litigation* proceeded to trial, and this Court entered judgment in favor of Claimants for trademark violations, finding "the Insured's trademark infringement had been 'knowing and intentional' and that exceptional circumstances existed for an award of attorney's fees." Motion at 4:15-17. The sole issue remaining to be determined is the amount of attorney's fees to be awarded. In May of 2001, the stay on the state court proceeding was lifted and subsequently, the state court granted summary adjudication on Fireman's Fund's second cause of action for declaratory relief against GCB, and on its fourth cause of action for declaratory relief against Panelboard. The court held that "section 533 relieves Fireman's Fund of any duty to indemnify GCB and Panelboard for any liability GCB and Panelboard may have in the underlying *Circuit Breaker Litigation*. Motion,

---

[1] This procedural history is taken largely from Plaintiff's moving papers. Claimants do not dispute the facts of the procedural history as presented by Plaintiff.

Ex. 6 at 2:14-16.

Fireman's Fund thereafter amended its complaint to add the Claimants and Travelers as defendants in the state court declaratory relief action. Motion at 5:3, 5:10-11. Claimants and Travelers initiated parallel declaratory relief actions in federal court against Fireman's Fund.[2] Motion at 5:19-20. Claimants then brought a peremptory challenge against the state court judge, which was granted and the case was reassigned on February 7, 2002. Motion at Ex. 16. On that same day, Claimants removed the state action to federal court. Fireman's Fund filed the present Motion to Remand on February 28, 2002, pursuant to Fed. R. Civ P. 7(b) and CD CA Rule 7. Defendant Claimants filed their Opposition on March 12, 2002. Fireman's Fund filed its Reply on April 1, 2002.

## DISCUSSION

### I. Motion to Remand

#### A. Removal Jurisdiction

Removal jurisdiction is conferred upon federal courts by 28 U.S.C. § 1441.[3] Courts strictly construe their removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)) The party seeking removal has the burden of proving by a preponderance of the evidence that removal is proper. *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998); *see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

Claimants removed this action on the grounds that there is federal jurisdiction due to diversity of citizenship. The removal statute requires complete diversity in that, none of the defendants may

---

[2] Both of the declaratory relief actions brought by Claimants and Travelers have been assigned to this Court.

[3] 28 U.S.C § 1441(a) provides:

> [A]ny civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

-3-

be a citizen of the same state as any plaintiff. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373-374 (1978). When inquiring into whether there is complete diversity, the court should look to the face of the pleadings. *United Policy Holders v. Provident Life and Accident Insurance Co.*, LEXIS 18546 (N.D.Cal.1999). Plaintiff's First Amended Complaint ("FAC") reveals that diversity is lacking in this case, as Plaintiff Fireman's Fund and Defendant Insureds are either born citizens of California or California Corporations. *See* FAC; *see also* Reply at 2:1-2. Notwithstanding, Claimants maintain that diversity jurisdiction applies here because the Insureds have been "fraudulently joined" and as such, should not be considered for removal purposes. Opposition at 5:10-11 Claimants themselves are incorporated in other states.[4]

### B. Fraudulent Joinder Standard

Claimants, as the parties asserting federal jurisdiction, have the burden of demonstrating fraudulent joinder. *Briano v. Conseco Life Insurance Co.*, 126 F. Supp. 1293, 1296 (C.D. Cal. 2000). In determining if a defendant has been fraudulently joined, the threshold issue is whether the plaintiff has failed to state a cause of action against a non-diverse defendant and that failure is "obvious according to the settled rules of the state." *McCabe v. General Foods Corp.*, 811 1336, 1339 (9th Cir. 1987). In making this determination, the Ninth Circuit has stated that district courts must look to the plaintiff's pleadings to test removability of the case. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318-19 (9th Cir. 1998). Where fraudulent joinder is an issue, the removing defendant is entitled to proffer facts or evidence demonstrating "that a resident defendant had 'no real connection with the controversy.'" *Id.* (citing *Wilson v Republic Iron & Steel Co.*, 257 U.S 92, 97 (1921)).

Claimants have not offered any evidence or facts demonstrating that the Insureds have no real connection with the controversy. Instead, Claimants simply make the legal argument that disputes between judgment creditors and insurers have been recognized as an independent suit. Opposition at 7:11. Thus, the proper inquiry is whether Plaintiff has stated a cause of action against the Insureds.

---

[4] GE is a New York Corporation; Square D and UL are both Delaware Corporations; and Travelers is a Connecticut Corporation.

Plaintiff has stated claims under California Law against the Insureds and the Claimants.[5] Specifically, the FAC indicates that under the terms of Fireman's Fund's Insurance Policies as well as California Insurance Code § 533 and/or California Civil Code § 1668, it had no duty to defend, nor does it have a duty to indemnify Panelboard in the underlying *Circuit Breaker Litigation*. FAC at ¶ 17-19. Similarly, the FAC states that with respect to the declaratory relief actions against Claimants, Plaintiff is not obligated to indemnify the Insureds under the terms of the Insurance Policy or the California Insurance Code. Claimants have not proffered evidence or facts to refute that these are viable claims under California law. Thus, neither the Insureds or Claimants have been fraudulently joined.

### C. Misjoinder

Claimants also argue that Plaintiff has failed to comply with Federal Rule of Civil Procedure 20(a), in that, Plaintiff's FAC "does not assert any joint, several, or alternative right to relief between the Policyholders and the Judgment Creditors." Opposition at 8:7-8. Rule 20 provides in relevant part,

> All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction or occurrence, or series of transactions or occurrences and

---

[5] Claimants do not address Ninth Circuit precedent regarding fraudulent joinder. Citing *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284 (11th Cir. 1998), Claimants argue that fraudulent joinder has occurred because Fireman's Fund "has joined two diverse groups of defendants for which [Fireman's Fund] has not sought relief on the basis of joint, several, or alternative liability." Opposition at 5-6; 8:13-16. *Triggs* discusses the two generally recognizes forms of fraudulent joinder: (1) when there is "no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant" *Id.* 1287 (citations omitted); or (2) "where there is outright fraud in the pleading of jurisdictional facts." *Id.* The *Triggs* court then addresses a third type of fraudulent joinder recognized by the Eleventh Circuit in *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996). The Eleventh Circuit has recognized this third type of fraudulent joinder "where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Triggs* at 1287. However,

> No other circuit court has addressed the *Tapscott* decision nor the issue of misjoinder as a basis for disregarding the citizenship of a non-diverse party for removal purposes. The case has had a lukewarm reception in district courts outside the Eleventh Circuit. *See, e.g., Marble v American General Life and Acc. Ins. Co.*, 996 F. Supp. 571, 574 (ND Miss 1998), *Ren-Dan Farms, Inc. v Monsanto Co.*, 952 F. Supp. 370, 376-77 (WD La 1997).

*United Policyholders v. Provident Life Ins. Co*, 1999 U.S. Dist. LEXIS 18546 (N.D. Cal. 1999).

1   if any question of law or fact common to all defendants will arise in the action.
2   Fed. R. Civ. Pro. 20(a). Claimants maintain that Plaintiff was unable to assert joint or several liability
3   between the Insureds and Judgment Creditors because a "dispute between an insurer and judgment
4   creditor should be recognized as a distinct suit." Opposition at 8:15-16. Therefore, Claimants argue,
5   because misjoinder has occurred, the Insured should be severed and remanded to state court. In turn,
6   there would be complete diversity between Claimants and Insured, making removal proper.

7   Claimants have not cited any authority to suggest its interpretation of Rule 20 is the standard
8   for misjoinder in the Ninth Circuit. Contrary to Claimants' position, the Ninth Circuit has applied a
9   two-part inquiry to determine whether misjoinder has occurred. *See League to Save Lake Tahoe v.*
10  *Tahoe Regional Planning Agency*, 558 F.2d 914 (9th Cir. 1977). First, "a right to relief must be
11  asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction
12  or occurrence." *Id.* at 917. Second, Plaintiff must show that "some question of law or fact common
13  to all the parties will arise in the action." *Id.*

14  These requirements have been met in the present matter. The declaratory relief sought by
15  Plaintiff arises out of the same transaction and/or occurrence. Specifically, the declaratory relief
16  action is based on the underlying *Circuit Breaker Litigation*, which was brought by Claimants against
17  the Insureds, who had been issued general liability policies by Fireman's Fund and Travelers during
18  the period at which the wrongful conduct by the Insureds was alleged to have taken place. Finally,
19  the common question of law between all parties is whether Fireman's Fund and Travelers have a duty
20  to indemnify the Insureds in the *Circuit Breaker Litigation* under California law and the terms of the
21  policy. Thus the parties have not been misjoined.

22  Because neither fraudulent joinder nor misjoinder has occurred, the Court lacks jurisdiction.

23  **D. Procedural Defects in Removal**

24  Fireman's Fund asserts that remand is proper due to the procedural defects in Claimants'
25  Notice for Removal papers, as not all Defendants have joined in the notice of removal. 28 U.S.C.A.
26  § 1446 requires all defendants to join in the removal. *Prize Frize, Inc. v. Matrix*, 167 F.3d 1261,
27  1266 (9th Cir. 1999). The removing parties, Square D and UL, are only joined by GE. In the event
28  fewer than all the defendants have joined in the removal, "the removing party has the burden under

section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." *Id.* The removing parties do not explain (in the Removal Notice) why Defendants Insured and Travelers have not joined in or consented to removal. Failing to expressly indicate why one or more defendants have not joined in the removal is a procedural defect that may only be cured within the prescribed 30 day statutory period. *Id.* There is nothing in the record to indicate that Claimants attempted to cure this defect within the 30 day period. Therefore, the Court finds removal is improper, as Claimants' Notice of Removal is facially deficient for failure to comply with section 1446. *See Prize*, 167 F.3d at 1266 (holding that the notice of removal was facially deficient for merely stating that *some* -- rather than *all* -- of the defendants had been improperly served)

### E. Attorneys' Fees and Costs

Pursuant to section 1447(c) of Title 28, U.S.C., a litigant may obtain "just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal." *See Gotro v. R & B Realty Group*, 69 F.3d 1485, 1487 (9th Cir. 1995). The Ninth Circuit no longer requires a showing of bad faith in order to obtain attorneys' fees under the statute. *Id.* (citing *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443 (9th Cir. 1992)). Instead, awarding attorneys' fees is discretionary and falls squarely within the purview of the district court. *Id.* at 1448; *See also Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1105-06 (9th Cir. 2000). Finally, an award of costs and fees may not be awarded if the remand was based upon non-statutory grounds. If a remand is granted on the basis of procedural defects in removal or lack of subject matter jurisdiction, then an award of costs and fees is permissible. *Ferrari, Alvarez, Olsen & Ottoboni v. Home Ins. Co.*, 940 F.2d 550, 555 (9th Cir. 1991). It is irrelevant -- for purposes of analyzing a litigant's right to fees and costs -- if the removing defendant had a good-faith belief that removal was proper. Furthermore, the Ninth Circuit has held that it will not refuse an award of costs and fees even if the defendant can show he had a legitimate or fairly supportable legal ground for removal. *Balcorta*, 208 F.3d at 1106.

Accordingly, attorneys' fees and costs are appropriate in this case because remand is based on lack of subject-matter jurisdiction and procedural defects in the Notice of Removal. Plaintiff offers the Declaration of Wyman P. Berryessa, attorney for Plaintiff, that indicates Mr. Berryessa has

worked over the last six months on the case at bar. Barryessa Decl., ¶ 1. Mr. Berryessa states that he has spent 18 hours in preparation of the present motion, at a rate of $125.00 per hour. Id. at ¶¶ 2,3. Mr. Berryessa also anticipated spending an additional 8 hours in reply to the opposition and attendance at the hearing. Because no hearing was conducted on this matter, the Court has subtracted three billable hours to reflect this change. Therefore, Plaintiff's request for fees and costs associated with bringing the present motion is hereby **GRANTED** in the amount of $2,875.00.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion to Remand this matter to state court and **GRANTS** Plaintiff's request for attorney's fees and costs.

**SO ORDERED.**

DATE: April 30, 2002

**CONSUELO B. MARSHALL**
**UNITED STATES DISTRICT JUDGE**

-8-